UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>Plaintiffs:<br><br>IMOGENE MURPHY<br><br>and JOSEPH MURPHY<br><br>Case No.: | MDL NO. 2921<br><br>Honorable Brian R. Martinotti<br>District Court Judge<br><br>Honorable Joseph A. Dickson<br>Magistrate Judge<br><br>MASTER SHORT-FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES AND DEMAND FOR JURY TRIAL |

1. Plaintiffs, <u>IMOGENE MURPHY and JOSEPH MURPHY</u>, hereby state and incorporate by reference all of the allegations contained in Plaintiffs' Master Long Form Complaint For Personal Injuries, Damages and Demand For Jury Trial ('Master Complaint') as permitted by Case Management Order No. 17 for cases filed directly into this district.

2. In addition to the below-indicated portions of the Master Complaint adopted by the Plaintiffs and incorporated by reference herein, Plaintiffs hereby allege as follows:

### IDENTIFICATION OF PLAINTIFFS AND RELATED INTERESTED PARTIES

3. Name and current residence of individual who is alleged to have suffered personal injuries and related damages due to implantation of one or more Biocell Textured Breast Implant medical devices ("Biocell"):   <u>Imogene Murphy; Perry, Florida</u>

4. Consortium Claim: Name and current residence of individual alleging damages for loss of consortium:   <u>Joseph Murphy; Perry, Florida</u>

5. If a survival and/or wrongful death claim is asserted:

    Name and residence of Decedent when she suffered Biocell-related injuries and/or death: <u>N/A</u>.

Name and current residence of the individual(s) bringing the claims on behalf of the decedent's estate, and status (i.e., personal representative, administrator, next of kin, successor in interest, etc.): <u>N/A</u>.

## VENUE

6. Plaintiffs allege that venue for remand and trial is proper in the following federal judicial district: <u>Northern District of Florida</u>

## DEVICE IDENTIFICATION

7. Plaintiff used the following Biocell devices, which Plaintiff contends caused her injury. Check all that apply and provide all dates of implant and explant:

| ☑ **NATRELLE Silicone-filled Breast Implants**<br>☐ Style 110<br>☐ Style 115<br>☑ Style 120<br><br>**Date[s] of Implant:** 12/23/2010<br><br>**Date[s] of Explant (if any):** 10/07/2019 | ☐ **NATRELLE Saline-filled Breast Implants**<br>☐ Style 163<br>☐ Style 168<br>☐ Style 363<br>☐ Style 468<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
|---|---|
| ☐ **NATRELLE 410 Highly Cohesive Anatomically Shaped Silicone-Filled Breast Implants**<br>☐ Style LL | ☐ **NATRELLE INSPIRA Silicone-Filled Breast Implants**<br>☐ Style TRL<br>☐ Style TRLP<br>☐ Style TRM |

| | |
|---|---|
| ☐ Style LM<br>☐ Style LF<br>☐ Style LX<br>☐ Style ML<br>☐ Style MM<br>☐ Style MF<br>☐ Style MX<br>☐ Style FL<br>☐ Style FM<br>☐ Style FF<br>☐ Style FX<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): | ☐ Style TRF<br>☐ Style TRX<br>☐ Style TSL<br>☐ Style TSLP<br>☐ Style TSM<br>☐ Style TSF<br>☐ Style TSX<br>☐ Style TCL<br>☐ Style TCLP<br>☐ Style TCM<br>☐ Style TCF<br>☐ Style TCX<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): |
| ☐ **McGhanBio DIMENSIONAL® Silicone-Filled BIOCELL® Textured Breast Implants, Style 153**<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): | ☐ **NATRELLE Dual-Gel Breast Implants**<br>☐ Style LX<br>☐ Style MX<br>☐ Style FX<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): |
| ☐ **NATRELLE Komuro Breast Implants**<br>☐ Style KML<br>☐ Style KMM<br>☐ Style KLL<br>☐ Style RLM<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): | ☐ **NATRELLE Ritz Princess Breast Implants**<br>☐ Style RML<br>☐ Style RMM<br>☐ Style RFL<br>☐ Style RFM<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): |
| ☐ **NATRELLE 150 Full Height and Short Height double lumen implants.**<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): | ☐ **NATRELLE 133 Plus Tissue Expander**<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): |

| | |
|---|---|
| ☐ NATRELLE 133 Tissue Expander with Suture Tabs<br><br>Date[s] of Implant:<br>Date[s] of Explant (if any): | OTHER (Please describe):<br><br>Date[s] of Implant:<br>Date[s] of Explant (if any): |

## PLAINTIFFS' BIOCELL-RELATED INJURIES

8. Plaintiffs allege that one or more Biocell devices caused personal injuries and damages including but not limited to the following:

   The Plaintiff Imogene Murphy underwent painful removal procedures as well as treatment, therapy, recovery, and expense associated with the removal of the BIOCELL Textured Breast Implants due to fear of ALCL, to reduce risk of ALCL, and due to symptoms consistent with ALCL and fear of ALCL including: mental anguish, increased risk of ALCL, evaluation for ALCL, explant, reconstruction, seromas, physical pain, scarring and disfigurement. Plaintiff experienced pain, redness, itching, breast swelling, asymmetry, heat sensations, rashes or itching, chronic insomnia, significant weight loss or gain, ulcers, chronic headaches, chronic gastrointestinal upset or reflux, and diarrhea/vomiting/nausea on an ongoing basis. Additionally, Plaintiff suffered aggravation of underlying conditions including emotional distress, panic disorder, and anxiety, as well as loss of quality of life and depression; and other physical and emotional manifestations that are severe and ongoing.

   The Plaintiff's spouse, Joseph Murphy, suffered the loss of his wife's affection, solace, comfort, companionship, conjugal life, fellowship, society, and assistance so necessary to a successful marriage as a result of the above.

9. Approximate date of Biocell-device related injury:

   Plaintiff Imogene Murphy is uncertain of the precise date when she started having damage or injury from the implants. Plaintiff learned of the product recall due to the increased risk of lymphoma sometime after June 2019, and had her implants removed in October 2019.

10. Has Plaintiff or Plaintiff's decedent ever been diagnosed with BIA-ALCL:
    ☐ Yes
    ☑ No
    a. If Yes, date of diagnosis: N/A.

## CAUSES OF ACTION

11. The following claims asserted in the *Master Complaint* are herein adopted by Plaintiffs:

4

| | | |
|---|---|---|
| ☑ | Count I: | Strict Liability - Manufacturing Defect |
| ☑ | Count II: | Negligent Manufacturing |
| ☑ | Count III: | General Negligence |
| ☑ | Count IV: | Strict Liability Failure to Warn |
| ☑ | Count V: | Negligent Failure to Warn |
| ☑ | Count VI: | Negligent Misrepresentation |
| ☑ | Count VII: | Breach of Implied Warranty of Merchantability |
| ☑ | Count VIII: | Breach of Express Warranty |
| ☑ | Count IX: | Strict Liability Design Defect |
| ☑ | Count X: | Negligent Design |
| ☐ | Count XI: | Survivorship and Wrongful Death |
| ☑ | Count XII: | Loss of Consortium |
| ☑ | Count XIII: | Punitive Damages |
| ☐ | Other Claims and factual basis therefore: | |

Any assertion of prior release or settlement on the part of the Plaintiff Imogene Murphy, without Plaintiff first having advice of counsel, full disclosure of her legal rights against Allergan, and accurate information about her medical risks related to the use of Allergan's textured breast implants and expanders, is void, fraudulent, lacking informed consent, contrary to public policy, unsupported by adequate consideration, subject to waiver, adhesive, misleading, an impermissible invasion of the physician and patient relationship, unconscionable, obtained under duress and undue influence, in violation of consumer and patient rights under applicable federal and state law, and otherwise unlawful and unenforceable.

**Counts VII and VIII**: Plaintiff can establish privity with Defendant. Alternatively, Plaintiff can establish that she falls into an exception to a privity requirement. Plaintiff relied on Defendants' warranties contained in written labels and materials. Alternatively, Plaintiff was a foreseeable third-party beneficiary of Defendants' sale of BIOCELL products to her physician when Plaintiff paid for and Plaintiff was implanted with Defendant's BIOCELL products.

Plaintiff is not required to give notice to Defendant, a remote manufacturer. Alternatively, Plaintiff satisfied all notice requirements when she notified her physician of her fear of and symptoms consistent with ALCL due to her BIOCELL implants. Defendant was aware of Plaintiff's identity, implant style, date of Plaintiff's implant, and that Plaintiff's specific implants were defective and subject to recall through Device Tracking and Product Surveillance prior to the filing of this action. Further, Defendant acknowledged as much

5

<u>by sending letters to patients with the defective BIOCELL implants to notify that the implants were defective and subject to recall. Defendant received notice prior to the filing of Plaintiff's complaint when the injuries, type of plaintiff and source of claims were identified in the Master Personal Injury Complaint [ECF No. 119].</u>

## **OTHER DEFENDANTS**

12. Plaintiffs further bring claims against the following additional Defendants not named in the *Master Complaint*:   <u>N/A</u>.

**WHEREFORE,** Plaintiffs pray for relief and demand a trial by jury as set forth in the Plaintiffs' Master Personal Injury Long Form Complaint in MDL 2921 in the United States District Court for the District of New Jersey.

Date: March 20, 2023

By: /s/   **Julie Braman Kane**
Julie Braman Kane, Esq.
Florida Bar No.: 980277
Eleni Irene Constant, Esq.
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Tel.: (305) 476-7400
Fac.: (305) 476-7444
julie@colson.com
eleni@colson.com

Natasha Cortes, Esq.
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd., Suite 1150
Coral Gables, FL 33134
Tel.: (888) 296-1681
Fac.: (305) 285-1668
NSA@grossmanroth.com

*Counsel for Plaintiffs*